**Electronically Filed**
**Supreme Court**
**SCPW-20-0000610**
**12-NOV-2020**
**11:46 AM**
**Dkt. 10 ODDP**

SCPW-20-0000610

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

BRETT C. ARIZUMI, Petitioner,

vs.

THE HONORABLE JEANNETTE H. CASTAGNETTI, Judge of the Circuit
Court of the First Circuit, State of Hawaiʻi, Respondent Judge,

and

U.S. BANK TRUST, NATIONAL ASSOCIATION, as Trustee for
WG2 Mortgage Trust VII, Series 2013-1; CITIFINANCIAL, INC.;
DEPARTMENT OF TAXATION, STATE OF HAWAIʻI; UNITED STATES OF
AMERICA; HAWAIʻI LAW ENFORCEMENT FEDERAL CREDIT UNION, fka
Honolulu Police Federal Credit Union; RENE MATSUURA; ZACHARY
KONDO; IVY ROOT; RADFORD REAL; and ASSOCIATION OF APARTMENT
OWNERS OF 3036 KAHALOA DRIVE, Respondents.

---

ORIGINAL PROCEEDING
(CIV. NO. 1CC141001769)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, and Wilson, JJ.,
Circuit Judge Kawano, in place of McKenna, J., recused,
and Circuit Judge Crabtree, assigned by reason of vacancy)

Upon consideration of petitioner Brett C. Arizumi's
petition for writ of mandamus, filed on October 13, 2020, the
documents attached thereto and submitted in support thereof, and
the record, it appears that petitioner fails to demonstrate that
he has a clear and indisputable right to the requested relief or
that he lacks alternative means to seek relief.  Petitioner,

therefore, is not entitled to the requested extraordinary writ. See Kema v. Gaddis, 91 Hawaiʻi 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; such a writ is meant to restrain a judge of an inferior court who has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act); Honolulu Advertiser, Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ is not intended to supersede the legal discretionary authority of the trial courts, cure a mere legal error, or serve as a legal remedy in lieu of normal appellate procedure).  Accordingly,

IT IS HEREBY ORDERED that the petition for writ of mandamus is denied.

DATED:  Honolulu, Hawaiʻi, November 12, 2020.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Michael D. Wilson

/s/ Jeffrey P. Crabtree

/s/ Kelsey T. Kawano



2